UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
:
UNITED STATES OF AMERICA            :
:
v.                                  :
:   Case No. 1:08-CR-00366-RLC
JAMES TREACY,                       :
:
Defendant.                      :
:
-------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO ELECT BETWEEN COUNT ONE AND COUNT TWO BECAUSE OF MULTIPLICITY

Defendant James Treacy moves this Court to compel the government to elect between Counts One and Two of the Indictment because they are multiplicitous.

## I. FACTUAL BACKGROUND

The government alleges that defendant James Treacy and other executives at Monster Worldwide, Inc. ("Monster") participated in a scheme to backdate stock option grants to various employees and thereafter to conceal the fact that the Company had failed to properly account for those backdated grants in its public filings with the Securities and Exchange Commission. This scheme is alleged in two separate but wholly overlapping counts.

Count One charges Mr. Treacy with violating 18 U.S.C. § 371 (2000) in connection with his purported role in a conspiracy to violate the securities fraud laws (15 U.S.C. § 78j(b) and 78ff (2000), and 17 C.F.R. § 240.10b-5 (1951)). Specifically, Count One alleges that Mr. Treacy and others at Monster participated in a scheme, from in or about 1996 through in or about June 2006, to deceive Monster's Board of Directors, shareholders, and auditors, as well as the investing public, concerning the systematic backdating of stock option grants and the failure to record and

report any compensation expense in connection with those grants in the Company's public filings. Ind. ¶ 15.

Count Two charges Mr. Treacy (in a single paragraph) with a substantive violation of the securities fraud laws (15 U.S.C. § 78j(b) and 78ff (2000), and 17 C.F.R. § 240.10b-5 (1951)). Specifically, Count Two (which incorporates by reference all allegations in Count One) alleges that from in or about 1996 through in or about June 2006, Mr. Treacy committed securities fraud by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon purchasers and sellers of Monster securities.

## II. ARGUMENT

### The Government Must Elect Between Count One and Count Two Because These Counts Allege The Exact Same Scheme

Count One and Count Two are multiplicitous because the exact same crime -- namely, a scheme to backdate Monster's stock option grants and failure to properly account for such grants in the Company's public filings -- is charged in two separate counts. Accordingly, the government must elect as between the two counts.[1]

There are two compelling reasons for the ban on multiplicity. First, there is the possibility that, if convicted, the defendant may receive multiple sentences for the same offense. *See United States v. Reed*, 639 F.2d 896, 904 (2d Cir.1981). Second, a multiplicitous indictment

---

[1] In a separate motion filed today, Mr. Treacy moves the court to dismiss both Count One and Count Two for failure to allege an offense within the statute of limitations. Accordingly, the Court need not reach this motion if it grants the motion to dismiss based on the statute of limitations in whole or part.

may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes. *Id.* The test for determining whether two counts are multiplicitous is whether "each offense charged requires proof of a fact which the other does not." *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). If so, the counts are not multiplicitous. *Id.*

In applying *Blockburger* to securities fraud cases, courts have noted that violations of Section 78j(b) "may take the form of a fraudulent scheme, a false statement of material fact or material omission, or a fraudulent act or practice." *United States v. Rigas,* 281 F. Supp. 2d 660, 667 (S.D.N.Y. 2003). Thus, to allege a securities fraud violation the government may choose to allege specific misrepresentations or transactions, and/or a broad, general fraudulent scheme.

In the normal case, we recognize that the government could allege both a conspiracy to commit securities fraud and a corresponding substantive securities fraud count because (in the normal case) the substantive securities fraud count would describe not simply a broad conspiracy-like scheme, but rather at least one if not more specific public filings associated with the defendant (such as a Form 10-K or Form 10-Q) containing a false or misleading statement or omission. In that instance, there would be no multiplicity problem because the government would have alleged distinct crimes, not simply alleged the same crime in two counts.

But this is apparently not the ordinary case. Here, in Count Two the government remarkably has failed to allege the existence of a single specific false statement or omission (such as the signing or filing of a Form 10-K or Form 10-Q) by the defendant. And the reason for that is evident from a cursory review of the rest of the Indictment: the government has not alleged any substantive act because all such acts would be, and are, indisputably time-barred.

Specifically, the most recent public filing listed in the Indictment (under Count One) is Mr. Treacy's signing of Monster's 10-K on March 28, 2002 -- and that date is clearly outside

the statute of limitations for the reasons set forth in Defendant's Motion to Dismiss the Indictment Based on the Statute Of Limitations. Mr. Treacy left the Company in December 2002, and never signed an SEC filing for Monster after the March 2002 Form 10-K.

The government is therefore unable to rest its allegations of securities fraud on a misrepresentation theory because there are no timely acts alleged that purportedly contain a false or misleading statement or omission. *See United States v. Bongiorno*, No. 05CR390 (SHS), 2006 U.S. Dist. Lexis 24830 (S.D.N.Y. May 1, 2006) (dismissing securities fraud charges predicated on violations of 17 C.F.R. § 240.10b-5(b) because the indictment did not allege any identifiable statements that were misleading or omitted material facts); *United States v. Hunt*, No. 05CR395 (DAB), 2006 U.S. Dist. Lexis 64887 (S.D.N.Y. Sept. 6, 2006) (same). Because the government cannot rely on a misrepresentation theory, it is left with two theories on which it can proceed: (1) that Mr. Treacy employed a device, scheme or artifice to defraud; or (2) that Mr. Treacy engaged in acts, practices and courses of businesses which operated as a fraud and deceit. 17 C.F.R. § 240.10b-5(a), (c) (1951).

Both of these securities fraud theories, however, are for all practical purposes identical to conspiracy allegations. Given that Count Two derives all of its factual allegations from Count One, it is clear the government will use the exact same facts to prove both the conspiracy to defraud under Count One, and the scheme to defraud charged in Count Two. Unfortunately for the government, the "fraudulent 'device' at issue [in the securities fraud count] is the single scheme outlined" in the conspiracy count." *United States v. Rigas,* 281 F. Supp. 2d 667. Count One and Count Two, under the circumstances presented here, therefore are multiplicitous.

In order to remedy such a defect in an indictment, courts have held that "[t]he defendant may move to have the prosecution elect among the multiplicitous counts, with all but the one

elected dismissed." *Reed*, 639 F.2d at 905, n.6 (2d Cir. 1981) (citing Charles Alan Wright, *Federal Practice and Procedure* § 145 at 336 (1969)); *see also United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005) (holding two counts of the indictment to be multiplicitous and entering a judgment of acquittal on one of the counts); *United States v. Bradsby*, 628 F.2d 901, 905-06 (5th Cir. 1980) (holding that the trial court erred in denying defendant's motion to compel election). The government must elect between the two counts because each allege the same scheme to defraud. Barring such an election, the Court must dismiss either Count One or Count Two because of multiplicity.

### III. CONCLUSION

For the foregoing reasons, Mr. Treacy respectfully requests that the Court compel the government to elect as between Counts One and Two.

Respectfully submitted,

_____
Reid H. Weingarten
Sandra E. Cavazos
Evan T. Barr
STEPTOE & JOHNSON LLP
750 Seventh Avenue
Suite 1800
New York, NY 10019
(212) 506-3900

Counsel for James Treacy

Dated: June 30, 2008