UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                :
UNITED STATES OF AMERICA                        :
                                                :
    v.                                          :
                                                :   Case No. 1:08-CR-00366-RLC
JAMES TREACY,                                   :
                                                :
            Defendant.                          :
                                                :
------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE TERM "BACKDATING" FROM THE INDICTMENT**

**I. PRELIMINARY STATEMENT**

Defendant James Treacy moves this Court, pursuant to Fed. R. Crim. P. 7(d), to strike all reference in the Indictment to the term "backdating" (or any variations thereof such as "backdate" or "backdated") because the term carries a connotation of illegal or unethical conduct which could unfairly prejudice the jury in this case.

**II.   FACTUAL BACKGROUND**

The Indictment charges that Mr. Treacy, former President and Chief Operating Officer of Monster Worldwide Inc. ("Monster") and other executives participated in a scheme to "backdate" stock option grants. A stock option is a form of compensation which gives its holder a right to buy a share of stock on a future date at a set price. Specifically, the Indictment alleges that Treacy and others routinely looked back in time to select advantageous grant dates for these options based on instances when Monster's stock price had closed at or near a low point for the month or quarter, resulting in stock option grants which were "in the money" on the day they were in fact awarded. This practice is characterized in the Indictment as "backdating." It is

alleged that Mr. Treacy and others conspired in failing to properly account for these in-the-money options as a compensation expense, to be charged against the Company's net income. The Indictment asserts that the co-conspirators caused the understated compensation expense to be incorporated into the Company's filings with the S.E.C., thereby defrauding the investing public.

### III. ARGUMENT

It is well established that "backdating" alone (*i.e*, selecting dates which are favorable to the grantee in retrospect) is not illegal. *See United States v. Shanahan*, 2008 WL 2225731 at * 5 (E.D. Mo., May 28, 2008); *In re Comverse Technology, Inc. Securities Litigation*, 543 F. Supp.2d 134, 138 (E.D.N.Y. 2008). A company is permitted to select advantageous grant dates in retrospect provided the practice is disclosed in public filings, and provided the corresponding compensation expense is properly accounted for. *Id*.

The term "backdate" is defined in Webster's II New College Dictionary as "to date prior to the true date." The term for many jurors naturally connotes a form of wrongdoing and fraud, implying that someone "doctored" or "fabricated" a document. By using this loaded term repeatedly throughout the indictment as a shorthand for the completely legal practice of selecting dates in retrospect for use in making option grants, the government has deliberately increased the likelihood that the jury will focus exclusively on retrospective pricing, and thereby completely neglect that absent proof beyond a reasonable doubt of a corresponding accounting violation, such conduct would not, in and of itself, be illegal or even unethical.

In interpreting Rule 403, the Supreme Court has held that "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense

charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); see also Fed. R. Evid. 403 (1972 Advisory Committee Notes) (Prejudice is "unfair" if the evidence has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). Thus, "[u]nder Rules 401 and 403 of the Federal Rules of Evidence in order for evidence to be admissible, it must be relevant and its prejudicial effect must not substantially outweigh its probativeness." *United States v. Harvey*, 991 F.2d 981, 996 (2d Cir. 1993).

Rule 403 has been applied in numerous cases to exclude the use of prejudicial terms, including in cases where the term at issue was far less prejudicial or pejorative than "backdating." *See, e.g., Matsuura v. E.I. DuPont De Nemours*, Nos. 96-01180, 97-00716, 99-00660, 00-00328, 00-00615, 2006 WL 2734291, at *6 (D. Hawaii Sept. 22, 2006) (barring expert from using term "scheme" in testimony about defendant's alleged efforts to withhold evidence because term "'scheme' is highly prejudicial, and the prejudice substantially outweighs any probative value"); *William Hablinski Architecture v. Amir Constr. Inc.*, CV 03 6365, 2005 WL 4658149, at *13 (C.D. Cal. Feb. 27, 2005) (excluding use of term "copycat house," in architectural copyright case, on grounds that it was "inflammatory and unduly prejudicial"); *Townsend v. Benya*, 287 F. Supp. 2d 868, 877 (N.D. Ill. 2003) (excluding use of terms "cover-up" and "conspiracy" to describe defendants' alleged conduct).

Further, Federal R. Crim. P. 7(d) provides that "upon the defendant's motion, the court may strike surplusage from the indictment . . . ." Rule 7(d) is "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7 (Original (1944) committee note to subdivision (d)). A motion to strike will be granted "where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States v.*

3

*Hernandez*, 85 F.3d 1023, 1030 (2d Cir. 1996) (quotations and citations omitted); *see also United States v. Espy*, 989 F. Supp. 17, 35 (D.D.C. 1997) ("Fed. R. Crim. P. 7(d) provides the court with wide discretion to strike terms or language that are immaterial or irrelevant to the indictment at issue."), *aff'd in part and rev'd in part on other grounds*, 145 F.3d 1369 (D.C. Cir. 1998); Charles A. Wright, *Federal Practice and Procedure: Criminal* § 127 (2d ed. 1982) ("The purpose of this provision is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts. Prosecutors have been known to insert unnecessary allegations for 'color' or 'background' hoping that these will stimulate the interest of jurors.") (footnote omitted).

Federal courts have often exercised their discretion under Federal Rule of Criminal Procedure 7(d) to strike inflammatory and prejudicial language. *See United States v. Espy*, 989 F. Supp. at 37 (striking references to "prohibited sources" because they did not provide additional insight into the charges against the defendant, but only served to suggest to the jury that the defendant's acts "constitute criminal conduct before he has an opportunity to defend himself"); *United States v. Hubbard*, 474 F.Supp. 62, 83 (D.D.C.. 1979) (striking such words as "infiltrate," "burglary," "cover up," "covertly," "bogus," "illegally," and "operatives" where less colorful and more accurate words would suffice").

Applying these basic principles here, we respectfully submit that "backdating" or any variation thereof should be stricken from the Indictment to avoid the risk of unfair prejudice to Mr. Treacy. The mere fact that a grant date was selected in retrospect does not constitute illegal or even improper activity. But the average juror, we believe, is likely to assume that "backdating" means something illegal and nefarious. Since the government can readily use less inflammatory terms in describing the conduct at issue (such as "retrospective pricing" or "selecting grant dates in hindsight") without being in any way limited in establishing their case,

the Court should exclude the potentially inflammatory term "backdating" as the danger of unfair prejudice from its constant repetition in the Indictment far outweighs its nominal probative value in alleging the offense at issue.

## IV. CONCLUSION

For the foregoing reasons, Mr. Treacy respectfully requests that the Court strike the term "backdating" or any variation thereof, from the Indictment. Assuming the term is stricken, we further request that the government be precluded from using the term at trial and in argument.

Respectfully submitted,

_____
Reid H. Weingarten
Evan T. Barr
Sandra E. Cavazos
STEPTOE & JOHNSON LLP
750 Seventh Avenue
Suite 1800
New York, New York 10019
(212) 506-3900

Counsel for James Treacy

Dated: June 30, 2008