UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
                                                 :
UNITED STATES OF AMERICA                         :
                                                 :
        v.                                       :
                                                 :        Case No. 1:08-CR-00336-RLC
JAMES TREACY,                                    :
                                                 :
        Defendant.                               :
                                                 :
-------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER PERMITTING THE ISSUANCE OF RULE 17(c) SUBPOENAS

### I.  FACTUAL BACKGROUND

The Indictment charges Defendant James Treacy, former President and Chief Operating Officer of Monster Worldwide Inc. ("Monster"),[1] and other executives at Monster with participating in a scheme to backdate stock option grants made to Monster employees.  A stock option is a form of compensation which gives its holder a right to buy a share of stock on a future date at a set price.  The Indictment alleges that Treacy and others routinely looked back in time to select advantageous grant dates for these options based on instances where Monster's stock price had closed at or near a low point for the month or quarter, resulting in stock option grants which were "in the money" on the day they were in fact awarded.   The Indictment also asserts that the co-conspirators deceived the Board of Directors and its Compensation Committee regarding this practice and also failed to properly account for the value of these option grants in

---

[1] Monster's corporate name was formerly TMP Worldwide Inc., which was changed in 2003 to Monster Worldwide Inc.

the Company's filings with the Securities and Exchange Commission ("SEC"), thereby defrauding the investing public.

The Indictment was unsealed on April 28, 2008. Trial in this matter is currently scheduled for August 4, 2008. In order to prepare his defense, Mr. Treacy now seeks access to relevant documents in the care, custody and control of: (1) Fulbright & Jaworski, LLP, outside counsel responsible for administering Monster's options program; (2) BDO Seidman, LLP, Monster's outside auditor responsible for rendering accounting advice; (3) Akin Gump Strauss Haeur & Feld, LLP, the law firm that conducted an internal investigation of options backdating allegations for a Special Committee of the Board of Directors when this issue first surfaced in June 2006; (4) Navigant Consulting Inc., a consulting firm which performed work in connection with the Company's restatement of its earnings to account for backdated options; and (5) three members of the Company's Compensation Committee (Michael Kaufman, Ronald Kramer, and John Gaulding), who had sole and absolute authority to grant option awards.

As set forth below, each of the requested Rule 17(c) subpoenas is crucial to Mr. Treacy's ability to prepare a defense at trial, particularly given the limited time available.

### A.    Fulbright & Jaworski, LLP

The law firm of Fulbright & Jaworski, LLP ("Fulbright & Jaworski") served as outside counsel to Monster during the relevant time period in the Indictment. It is our understanding from discussions with the government and from reviewing the discovery that lawyers from Fulbright & Jaworski rendered legal advice to Monster regarding the options grants and drafted or reviewed key documents including options agreements, unanimous written consent forms ("UWCs") signed by the Compensation Committee members approving the option grants, and

proxy statements. Fulbright & Jaworski lawyers also prepared the Company's Forms 10-K and 10-Q filed with the SEC, which are alleged in the Indictment to have contained false statements regarding the options program.

The subpoena to Fulbright & Jaworski (attached hereto as Exhibit 1 for your Honor's consideration and signature) requests pretrial production of :

> All records (including electronic records) relating to TMP
> Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
> and option granting practices, for the period December 1, 1996
> through June 30, 2006.

### B.    BDO Seidman, LLP

BDO Seidman, LLP ("BDO Seidman") served as Monster's outside auditor during the relevant time period at issue in the Indictment. *See* Indictment  (hereafter "Ind.") ¶ 18.  It is our understanding from discussions with the government and our review of the discovery that BDO Seidman was regularly consulted for accounting advice with respect to Monster's option grants.

The subpoena to BDO Seidman (attached hereto as Exhibit 2 for your Honor's consideration and signature) requests production of:

> All records (including electronic records) relating to TMP
> Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
> and option granting practices, for the period December 1, 1996
> through June 30, 2006.

### C.    Akin Gump Strauss Haeur & Feld, LLP

In or about June 2006, Akin Gump Strauss Haeur & Feld, LLP ("Akin Gump") conducted an internal investigation into the backdating allegations at issue in this case on behalf of a Special Committee of Monster's Board of Directors.   It is our understanding that Akin

Gump reviewed a significant volume of electronic and hard copy documents and interviewed key Monster personnel, including Myron Olesnyckyj, the former General Counsel of Monster who has pled guilty to backdating-related charges pursuant to a cooperation agreement with the government, and who is expected to be the government's main witness against Mr. Treacy. It is our understanding that Mr. Olesnyckyj may have lied and/or withheld or destroyed documents during the course of Akin Gump's internal investigation.

It is our understanding that Akin Gump made certain disclosures to the government regarding the substance of its findings in the internal investigation. Akin Gump also made recommendations to Monster that resulted in the Company restating its earnings and recording a compensation expense of approximately $339 million which it attributed to backdated options.

The subpoena to Akin Gump (attached hereto as Exhibit 3 for your Honor's consideration and signature) requests production of:

> (1)    All records (including electronic records) relating to TMP Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants and option granting practices, for the period December 1, 1996 through June 30, 2006.

> (2)    All records (including electronic records) with respect to determinations about measurement dates for options grants and the type of accounting to apply to options grants of TMP Worldwide Inc. or Monster Worldwide Inc.

D.    Navigant Consulting, Inc.

Navigant Consulting, Inc. ("Navigant") is an international business consulting firm based in Chicago. It is our understanding that Navigant performed work in connection with the repricing of allegedly backdated options which was relied on by the Company in restating its earnings, as well as by the government in alleging certain monetary amounts in the Indictment.

The subpoena to Navigant (attached hereto as Exhibit 4 for your Honor's consideration and signature) requests production of:

> (1)     All records (including electronic records) relating to TMP Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants and option granting practices, for the period December 1, 1996 through June 30, 2006.
>
> (2)     All records (including electronic records) with respect to determinations about measurement dates for options grants and the type of accounting to apply to options grants of TMP Worldwide Inc. or Monster Worldwide Inc.

E.    <u>Michael Kaufman, Ronald Kramer, and John Gaulding</u>

Michael Kaufman, Ronald Kramer, and John Gaulding were members of Monster's

Compensation Committee during the relevant time period at issue in the Indictment.  The

Compensation Committee "had sole and absolute authority to grant option awards." Ind. ¶ 14.

Kaufman, Kramer and Gaulding routinely signed off on the UWC's approving allegedly

backdated stock options grants at issue in the Indictment.

The subpoenas to Kaufman, Kramer and Gaulding (attached hereto as Exhibits 5, 6 & 7

for your Honor's consideration and signature) request production of:

> All records (including electronic records) relating to TMP Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants and option granting practices, for the period December 1, 1996 through June 30, 2006.

## II.  APPLICABLE LEGAL PRINCIPLES

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas

*duces tecu*m in federal criminal proceedings and provides that the Court "may direct that books,

papers, documents or objects designated in the subpoena be produced before the court at a time

prior to the trial."  A court, "on motion made promptly[,] may quash or modify the subpoena if

compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c). The "chief

innovation" of Rule 17(c) was to expedite criminal proceedings "by providing a time and place

before trial for the inspection of subpoenaed materials." *Bowman Dairy Co. v. United States*, 341

U.S. 214, 220 (1951).

Courts routinely permit Rule 17(c) subpoenas to be served on third parties in criminal

cases. *See, e.g., In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988) (subpoena

issued to criminal defendant's former employer); *United States v. Tucker*, 2008 WL 361127

(S.D.N.Y., Feb. 20, 2008) (subpoena issued to Bureau of Prisons); *United States v. Holihan*, 248

F. Supp. 2d 179 (W.D.N.Y. 2003) (subpoena issued to bank); *United States v. King*, 194 F.R.D.

569, 572-73 (E.D. Va. 2000) (subpoena issued to television station and reporter). The materials

subpoenaed pursuant to Rule 17(c) "need not actually be used in evidence provided that they are

subpoenaed in good faith." *In re Martin Marietta Corp.*, 856 F.2d at 622.

As noted in the text of the Rule itself, a Rule 17(c) subpoena seeking pre-trial discovery

from a third party is properly issued where the request is: 1) "reasonable, construed as 'material

to the defense,'" and 2) "not unduly oppressive for the producing party to respond." *United

States v. Tucker, supra*, 2008 WL 361127, at * 6. *See also United States v. Nachamie*, 91 F.

Supp. 2d 552, 563 (S.D.N.Y. 2000) (same). *Cf. United States v. Nixon*, 418 U.S. 683, 699 n.12

(1974) (different, and less burdensome, standard may be appropriate where a Rule 17(c)

subpoena seeks discovery from a third party as opposed to the government); *United States v.

Modi*, 2002 WL 188327, at *2 and n.10 (W.D. Va. Feb. 6, 2002) (same).

While the court has a "responsibility to prevent Rule 17(c) from being improperly used as

a discovery alternative to Rule 16," *United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va.

1997), this problem is not presented "where, as here, the subpoena is directed to a third party,"

since "Rule 16 regulates the discovery obligations of the United States and the defendant, and does not address how the United States or the defendant may secure evidence in the possession of third parties." *King*, 194 F.R.D. at 573 n.3. *See also United States v. Tucker, supra,* 2008 WL 361127, at * 6.

Mr. Treacy's requests are directed to third parties, not to the government, and the standard articulated in the text of the rule itself and noted in *Tucker, Nachamie,* and *King* should govern. Mr. Treacy's requests easily satisfy this standard.

## A.    The Subpoenas Satisfy the Standard Applicable to Subpoenas to Third Parties.

### 1.    Materiality

With respect to the subpoena to Fulbright & Jaworski, there can be no question that the information requested is material to Mr. Treacy's defense. Fulbright & Jaworski prepared and reviewed the documentation surrounding the very options grants at issue in this case, including the UWCs and 10-K and 10-Q forms, which the Indictment alleges were false or misleading. *See* Ind. ¶¶ 45-49, 54, 56(g). Mr. Treacy is entitled to argue to the jury that he relied in good faith on Fulbright & Jaworski's review and approval of these documents.

BDO Seidman served as Monster's outside auditors, responsible for all accounting determinations relating to the options program as incorporated in the Company's public filings with the SEC. The accounting treatment of stock options is at the center of this case: it is charged that Treacy and others knowingly misled the investing public regarding certain compensation expenses that should have been taken in connection with the stock options. The Indictment alleges that BDO Seidman, in its capacity as outside auditor, was essentially a victim of the backdating scheme. Ind. ¶¶ 20-21, 54, 56(f), 57(f). Count One of the Indictment, for instance, alleges that "TREACY and his co-conspirators provided materially false and

7

misleading information to Monster's auditors and concealed from those auditors material facts

about Monster's systematic grant of in-the-money options during the period 1997 through 2003."

Ind. ¶ 56(f). Given these and similar allegations, BDO Seidman's knowledge of the options

grants at issue, the options process in general, and the accounting determinations that were made,

is obviously highly material to Mr. Treacy's defense.

The materials sought from Akin Gump pertain to a 2006 investigation conducted on

behalf of a Special Committee of Monster's Board regarding the very same backdating activities

that form the basis of the criminal charges against Mr. Treacy. Thus, this documentation too is

indisputably relevant and material. Moreover, to the extent that this material reveals that Myron

Olesnyckyj, Monster's former General Counsel, lied or destroyed option-related documents

during Monster's internal investigation in or about June 2002, Mr. Treacy has a right to use such

evidence to argue that Mr. Olesnyckyj (and not Mr. Treacy, who left the Company years before

in December 2002) was principally responsible for any concealment of the backdated options.

*See, e.g., United States v. Holihan*, 248 F. Supp. 2d at 183-84 (bank employee charged with

embezzlement could use Rule 17(c) subpoena to obtain personnel files of other bank employees

to show that other employees had motive to embezzle and cast doubt as to defendant's own

guilt).

Further, the Special Committee's investigation resulted in Monster restating its financials

and recording an additional compensation expense of approximately $339 million. The

government incorporated Akin Gump's findings in this regard in the Indictment, charging that

Mr. Treacy and the other co-conspirators caused a $339 million pre-tax understatement in

Monster's cumulative compensation expenses for the period 1997 through 2005. *See* Ind. ¶ 48.

Thus, the proposed subpoena's request for records regarding measurement dates and the type of

accounting to apply to options grants is highly relevant to identifying the amount of the restatement that is attributable to the illegal conduct alleged in the Indictment, as opposed to some other reason such as lack of information about the actual dates on which options were granted.

The subpoena to Navigant is justified for the same reason. It is our understanding that Navigant performed work in connection with the repricing of options that resulted in the $339 million figure, as well as in the Indictment's allegation that Mr. Treacy derived approximately $13.5 million from the "in the money" portion of backdated options. Ind. ¶ 10.

As for the subpoenas to Messers Kramer, Kaufman and Gaulding, all three men were members of the Compensation Committee which approved the options grants at issue in this case. The Indictment alleges that the Compensation Committee was deceived with respect to the actual dates on which the options were granted. Ind. ¶¶ 14, 17-18, 34, 56(b)-(d). The defense likely will establish at trial that the members of the Compensation Committee were not so deceived. Thus, information possessed by the individual members of the Compensation Committee about Monsters' options grants and options granting practices is material to the defense in contesting this allegation.

## 2. Burden of Production

The subpoena requests are also reasonable in scope and not unduly oppressive. he information sought by all of the subpoenas is limited to information about Monster's stock option grants and options granting practices which are at the very heart of this case, and compliance with the subpoenas will require minimal effort on the part of the third parties upon whom the subpoenas are served. Mr. Treacy's proposed subpoenas satisfy the appropriate Rule 17(c) standard, and the Court should accordingly order them to issue.

9

**B.**    **The Subpoenas Also Satisfy the Higher Standard Applicable to Subpoenas to the Government.**

Even were the Court to apply the more stringent standard generally applicable to

subpoenas to the government, Mr. Treacy's requests satisfy that standard as well.  In *United*

*States v. Nixon*, the Supreme Court stated that, to require production prior to trial pursuant to

Rule 17(c), the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they
> are not otherwise procurable reasonably in advance of trial by
> exercise of due diligence; (3) that the party cannot properly prepare
> for trial without such production and inspection in advance of trial
> and that the failure to obtain such inspection may tend
> unreasonably to delay the trial; and (4) that the application is made
> in good faith and is not intended as a general "fishing expedition.

418 U.S. at 699-700.  The court in *Nixon* distilled these showings into the three elements often

applied by courts weighing the issuance of Rule 17(c) subpoenas -- relevancy, admissibility and

specificity.  *Id*. at 700; *see also Martin Marietta*, 856 F.2d at 621; *Tucker*, 2008 WL 361127, at *

4.  Mr. Treacy's requests satisfy all three elements.

The relevancy prong is satisfied if there is a "rational inference that at least part of the

[materials] relate to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700.  *See also*

*United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992) (holding that a proponent must "giv[e]

reasons that permit[] a rational inference of relevance"); *King*, 194 F.R.D at 573 (relevance

requirement satisfied when the requested items "address[] in detail many of the allegations in the

[indictment]").  The materiality of the documents requested has been set forth above;  it

logically follows that the documents are therefore relevant.

Admissibility requires merely a "preliminary showing" of the "potential evidentiary uses"

of the material. *Nixon*, 418 U.S. at 702.  While Rule 17(c) subpoenas are limited to evidentiary

10

materials, "that is not to say that the materials subpoenaed must actually be used in evidence." *Martin Marietta*, 856 F.2d at 621. The materials must be produced so long as the 17(c) request constitutes a "good faith effort . . . to obtain evidence." *Id.*    The materials sought from Fulbright and Jaworski, BDO Seidman, and Kaufman, Kramer and Gaulding, are likely to be admissible as business records or other exceptions to the hearsay rule, including present sense impressions and past recollections recorded.

The subpoenas to Akin Gump and Navigant also satisfy the *Nixon* standard. In *Martin Marietta*, a criminal defendant sought to discover certain documents held by his former employer, including memoranda related to an internal corporate audit and notes, transcripts, and electronic recordings of interviews with and statements by various witnesses. The defendant in *Martin Marietta* was charged with conspiracy to defraud the Department of Defense in connection with an alleged scheme to characterize improperly travel cost rebates as fees rather than credits against travel costs, thus overstating the costs for which Martin Marietta received reimbursement from the Department of Defense.

The Court of Appeals held that these materials were properly discoverable pursuant to Rule 17(c) because they were "of evidentiary value" to the defense. 856 F.2d at 622. The court also concluded more generally that while Rule 17(c) subpoenas are limited to evidentiary materials, "that is not to say that the materials subpoenaed must actually be used in evidence." *Id.* The materials must be produced so long as the 17(c) request constitutes a "good faith effort. . . to obtain evidence." *Id. See also King*, 194 F.R.D. at 575 (approving request for "any other recordings of statements by or conversations with other known potential witnesses in the case").

Further, to the extent the requested materials reveal that Mr. Olesnyckyj lied and/or withheld or destroyed documents, such evidence would be admissible to directly counter the

government's allegations by permitting the defense to argue that it was Mr. Mr. Olesnyckyj and not Mr. Treacy who sought to conceal any improper backdating.

With respect to the specificity requirement, only a modest showing of specificity is required, because the proponent has not yet seen the material and because the proponent is not required to be so specific as to disclose his or her defenses to the opposing party. *United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997); *United States v. Mackey*, 647 F.2d 898, 901 (9th Cir. 1981). The subpoenas in this case describe the requested materials with ample specificity, thus satisfying the third prong of the *Nixon* standard.

### III.    CONCLUSION

Mr. Treacy seeks information in the possession of third parties that is central to the case and essential to his ability to defend himself at trial, all the more so given the short time frame between his indictment and the trial date. These requests are not part of any "fishing expedition" on the part of Mr. Treacy for potentially relevant evidence; they are discrete and specific requests for documents relating to the Monster options-granting process that is at issue in this case. Further, this information is not available to Mr. Treacy through other means. For the foregoing reasons, Mr. Treacy respectfully requests that the Court grant his motion, pursuant to Fed. R. Crim. P. 17(c), for an order permitting the issuance of the subpoenas *duces tecum* described

12

herein.

Respectfully submitted,

Reid H. Weingarten
Evan T. Barr
Sandra E. Cavazos
STEPTOE & JOHNSON LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019
(212) 506-3900

Counsel for Defendant James Treacy

Dated: June 30, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
                                         :
UNITED STATES OF AMERICA                 :
                                         :
        v.                               :
                                         :    Case No. 1:08-CR-00366-RLC
JAMES TREACY,                            :
                                         :
        Defendant.                       :
                                         :
-------------------------------------------------x
```

## ORDER

Upon consideration of Defendant's Motion for an Order Permitting the Issuance of Rule

17(c) Subpoenas, it is hereby ORDERED that Defendant's motion is GRANTED, and Defendant

is permitted to issue the subpoenas *duces tecum* submitted with Defendant's motion, returnable

in ten (10) days from the date of service, to:

*Fulbright & Jaworski LLP*
c/o Richard Craig Smith, Esq.
Fulbright & Jaworski LLP
Market Square
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623

*BDO Seidman*
c/o Douglas A. Rappaport Esq.
DLA Piper
1251 Avenue of the Americas
New York, New York 10020-1104

*Akin Gump Strauss Hauer & Feld LLP*
c/o James J. Benjamin, Jr., Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022-2524

*Navigant Consulting, Inc.*
c/o  Richard X. Fischer, Esq.
Navigant Consulting, Inc.
30 South Wacker Drive
Chicago, Illinois  60606

*Michael Kaufman*
c/o  Paul Vizcarrondo, Esq.
Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY  10019

*Ronald Kramer*
c/o  Paul Vizcarrondo, Esq.
Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY  10019

*John Gaulding*
c/o  Paul Vizcarrondo, Esq.
Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY  10019

      SO ORDERED this _____ day of _____, 2008.


            _____

            Robert L. Carter
            United States District Judge



cc:    Reid H. Weingarten, Esq.
       Steptoe & Johnson LLP
       750 Seventh Avenue, Suite 1900
       New York, NY 10019

       Evan T. Barr, Esq.
       Steptoe & Johnson LLP
       750 Seventh Avenue, Suite 1900
       New York, NY 10019

Deirdre McEvoy, AUSA
United States Attorney's Office
Southern District of New York
The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

Joshua A. Goldberg, AUSA
United States Attorney's Office
Southern District of New York
The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

Richard Craig Smith, Esq.
Fulbright & Jaworski LLP
Market Square
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623

Douglas A. Rappaport, Esq.
DLA Piper
1251 Avenue of the Americas
New York, New York 10020-1104

James J. Benjamin, Jr., Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022-2524

Richard X. Fischer, Esq.
Navigant Consulting, Inc.
30 South Wacker Drive
Chicago, Illinois 60606

Paul Vizcarrondo, Esq.
Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY 10019

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached Motion and Memorandum of

Law in Support of Defendant James Treacy's Motion for an Order Permitting the Issuance of

Rule 17(c) Subpoenas was served this 30th day of June 2008 by overnight mail, upon:


Deirdre A. McEvoy, AUSA
Joshua A. Goldberg, AUSA
United States Attorney's Office
Southern District of New York
The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

Richard Craig Smith, Esq.
Fulbright & Jaworski LLP
Market Square
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
(*Counsel for Fulbright & Jaworski LLP*)

Douglas A. Rappaport Esq.
DLA Piper
1251 Avenue of the Americas
New York, New York 10020-1104
(*Counsel for BDO Seidman LLP*)

James J. Benjamin, Jr., Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022-2524
(*Counsel for Akin Gump Strauss Hauer & Feld LLP*)


Richard X. Fischer, Esq.
Navigant Consulting, Inc.
30 South Wacker Drive
Chicago, Illinois  60606
(*Counsel for Navigant Consulting, Inc.*)

Paul Vizcarrondo, Esq.
Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY 10019
(*Counsel for Michael Kaufman, Ronald Kramer, and John Gaulding*)


Robert Ajiashvili
Steptoe & Johnson

AO89 (Rev. 7/95) Subpoena in a Criminal Case          Exhibit 1

# UNITED STATES DISTRICT COURT

SOUTHERN                    DISTRICT OF                    NEW YORK

UNITED STATES

**v.**

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 1:08-CR-00366-RLC

JAMES TREACY

TO:

Fulbright & Jaworski
Attn: Richard Craig Smith, Esq.
Fulbright & Jaworski LLP
Market Square
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Sandra E. Cavazos, Esq.
Steptoe & Johnson LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019    (212) 506-3948

American LegalNet, Inc.
www.USCourtForms.com

AO89  (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER |  |  |
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
|  | ☐ YES   ☐ NO   AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

ADDITIONAL INFORMATION

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

### INSTRUCTIONS

You are required to submit all materials described below in your custody and

control to:

> Sandra E. Cavazos, Esq.
> Steptoe & Johnson LLP
> 750 Seventh Avenue, Suite 1900
> New York, NY 10019
> (212) 506-3948

Please produce the below-described materials within ten (10) days of service of the attached

Criminal Subpoena:

> All records (including electronic records) relating to TMP
> Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
> and option granting practices, for the period December 1, 1996
> through June 30, 2006.

AO89 (Rev. 7/95) Subpoena in a Criminal Case

Exhibit 2

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
| --- | --- | --- |

UNITED STATES

**v.**

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 1:08-CR-00366-RLC

JAMES TREACY

TO:

BDO Seidman, LLP
c/o: Douglas A. Rappaport, Esq.
DLA Piper
1251 Avenue of the Americas
New York, New York 10020-1104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
| --- | --- |
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Sandra E. Cavazos, Esq.
Steptoe & Johnson LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019       (212) 506-3948

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

|  |  |  |
|---|---|---|
| **RECEIVED BY SERVER** | DATE | PLACE |
| **SERVED** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
|  | ☐ YES   ☐ NO   AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

ADDITIONAL INFORMATION

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

### INSTRUCTIONS

You are required to submit all materials described below in your custody and

control to:

> Sandra E. Cavazos, Esq.
> Steptoe & Johnson LLP
> 750 Seventh Avenue, Suite 1900
> New York, NY 10019
> (212) 506-3948

Please produce the below-described materials within ten (10) days of service of the attached

Criminal Subpoena:

> All records (including electronic records) relating to TMP
> Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
> and option granting practices, for the period December 1, 1996
> through June 30, 2006.

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

UNITED STATES

V.

JAMES TREACY

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 1:08-CR-00366-RLC

TO:

Akin Gump Strauss Hauer & Feld, LLP
Attn: James J. Benjamin, Jr., Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022-2524

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|-------|-----------|
|       | DATE AND TIME |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
   See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|------------------------------------------|------|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Sandra E. Cavazos, Esq.
Steptoe & Johnson LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019      (212) 506-3948

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| | | |
|---|---|---|
| **RECEIVED BY SERVER** | DATE | PLACE |
| **SERVED** | DATE | PLACE |

| | |
|---|---|
| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES    ☐ NO    AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  _____
                                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

ADDITIONAL INFORMATION

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

### INSTRUCTIONS

You are required to submit all materials described below in your custody and

control to:

> Sandra E. Cavazos, Esq.
> Steptoe & Johnson LLP
> 750 Seventh Avenue, Suite 1900
> New York, NY 10019
> (212) 506-3948

Please produce the below-described materials within ten (10) days of service of the attached

Criminal Subpoena:

> (1)     All records (including electronic records) relating to TMP
> Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
> and option granting practices, for the period December 1, 1996
> through June 30, 2006.

> (2)     All records (including electronic records) with respect to
> determinations about measurement dates for options grants and the
> type of accounting to apply to options grants of TMP Worldwide
> Inc. or Monster Worldwide Inc.

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

SOUTHERN     DISTRICT OF     NEW YORK

UNITED STATES

**v.**

JAMES TREACY

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 1:08-CR-00366-RLC

TO:

    Richard X. Fischer, Esq.
    Navigant Consulting, Inc.
    30 South Wacker Drive
    Chicago, Illinois 60606

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
    See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Sandra E. Cavazos, Esq.
Steptoe & Johnson LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019     (212) 506-3948

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** |  |  |
| **SERVED** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
|  | ☐ YES   ☐ NO   AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     _____
                                DATE

                                           _____
                                         SIGNATURE OF SERVER

                                         _____
                                         ADDRESS OF SERVER

ADDITIONAL INFORMATION

American LegalNet, Inc.
www.USCourtForms.com

**ATTACHMENT A**

**INSTRUCTIONS**

You are required to submit all materials described below in your custody and

control to:

>      Sandra E. Cavazos, Esq.
>      Steptoe & Johnson LLP
>      750 Seventh Avenue, Suite 1900
>      New York, NY 10019
>      (212) 506-3948

Please produce the below-described materials within ten (10) days of service of the attached

Criminal Subpoena:

>      (1)      All records (including electronic records) relating to TMP
>      Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
>      and option granting practices, for the period December 1, 1996
>      through June 30, 2006.
>
>      (2)      All records (including electronic records) with respect to
>      determinations about measurement dates for options grants and the
>      type of accounting to apply to options grants of TMP Worldwide
>      Inc. or Monster Worldwide Inc.

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

UNITED STATES

**V.**

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 1:08-CR-00366-RLC

JAMES TREACY

TO:

    Michael Kaufman
    c/o: Paul Vizcarrondo, Esq.
    Wachtell, Lipton, Rosen & Katz
    51 W. 52nd Street
    New York, NY 10019

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below,
or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall
remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
    See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk |  |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Sandra E. Cavazos, Esq.
Steptoe & Johnson LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019    (212) 506-3948

American LegalNet, Inc.
www.USCourtForms.com

AO89  (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | | |
| **SERVED** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES  ☐ NO   AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

ADDITIONAL INFORMATION

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

### INSTRUCTIONS

You are required to submit all materials described below in your custody and

control to:

> Sandra E. Cavazos, Esq.
> Steptoe & Johnson LLP
> 750 Seventh Avenue, Suite 1900
> New York, NY 10019
> (212) 506-3948

Please produce the below-described materials within ten (10) days of service of the attached

Criminal Subpoena:

> All records (including electronic records) relating to TMP
> Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
> and option granting practices, for the period December 1, 1996
> through June 30, 2006.

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

UNITED STATES

**v.**

**SUBPOENA IN A CRIMINAL CASE**

Case Number: 1:08-CR-00366-RLC

JAMES TREACY

TO:

Ronald Kramer
c/o: Paul Vizcarrondo, Esq.
Wachtell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY 10019

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Sandra E. Cavazos, Esq.
Steptoe & Johnson LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019      (212) 506-3948

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

|  |  |  |
|---|---|---|
| **RECEIVED BY SERVER** | DATE | PLACE |
| **SERVED** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
|  | ☐ YES    ☐ NO    AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

ADDITIONAL INFORMATION

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

### INSTRUCTIONS

You are required to submit all materials described below in your custody and

control to:

> Sandra E. Cavazos, Esq.
> Steptoe & Johnson LLP
> 750 Seventh Avenue, Suite 1900
> New York, NY 10019
> (212) 506-3948

Please produce the below-described materials within ten (10) days of service of the attached

Criminal Subpoena:

> All records (including electronic records) relating to TMP
> Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
> and option granting practices, for the period December 1, 1996
> through June 30, 2006.

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

UNITED STATES

v.

JAMES TREACY

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 1:08-CR-00366-RLC

TO:
    John Gaulding
    c/o: Paul Vizcarrondo, Esq.
    Wachtell, Lipton, Rosen & Katz
    51 W. 52nd Street
    New York, NY 10019

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|-------|-----------|
|       | DATE AND TIME |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
    See Attachment A.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|------------------------------------------|------|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Sandra E. Cavazos, Esq.
Steptoe & Johnson LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019        (212) 506-3948

American LegalNet, Inc.
www.USCourtForms.com

AO89  (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | | |

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES    ☐ NO    AMOUNT $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

ADDITIONAL INFORMATION

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

### INSTRUCTIONS

You are required to submit all materials described below in your custody and

control to:

> Sandra E. Cavazos, Esq.
> Steptoe & Johnson LLP
> 750 Seventh Avenue, Suite 1900
> New York, NY 10019
> (212) 506-3948

Please produce the below-described materials within ten (10) days of service of the attached

Criminal Subpoena:

> All records (including electronic records) relating to TMP
> Worldwide Inc.'s or Monster Worldwide Inc.'s stock option grants
> and option granting practices, for the period December 1, 1996
> through June 30, 2006.