UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                   :
:
:
v.                          :                    OPINION
:
:
JAMES J. TREACY,                            :    08 Cr. 0366 (RLC)
:
        Defendant.                          :
:
------------------------------------------------------------X

APPEARANCES

Deirdre Ann McEvoy, Esq.
United States Attorney's Office
Southern District of New York
1 St. Andrews Plaza
New York, NY 10007
Assistant United States Attorney

Joshua Aaron Goldberg, Esq.
United States Attorney's Office
Southern District of New York
1 St. Andrews Plaza
New York, NY 10007
Assistant United States Attorney

David Matthew Fragale, Esq.
Steptoe & Johnson LLP (DC)
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Attorney for the Defendant

Evan T. Barr, Esq.
Steptoe & Johnson, LLP
750 Seventh Avenue
Suite 1900
New York, NY 10019
Attorney for the Defendant

Sandra Elaine Cavazos, Esq.
Steptoe & Johnson, LLP
750 Seventh Avenue
Suite 1900
New York, NY 10019
Attorney for the Defendant

ROBERT L. CARTER, District Judge

INTRODUCTION

The government moves for reconsideration of the court's November 19, 2008, Opinion ("Opinion") dismissing Count Two of the Indictment based on the statute of limitations. The motion for reconsideration is granted, and the claim set forth in Count Two is reinstated.

Furthermore, in light of the decision to reinstate Count Two, the court addresses Defendant's June 30, 2008, Motion to Compel the Government to Elect Between Count One and Count Two Because of Multiplicity. Defendant's motion is denied.

BACKGROUND

The background of this case has been documented in detail and familiarity is assumed. It is sufficient to note that the Opinion granted Defendant James J. Treacy's motion to dismiss Count Two of the of the Indictment for failure to allege any facts in support of a securities fraud claim occurring within the limitations period; and chose not to reach Treacy's motion to compel the government to elect between counts One and Two because of multiplicity.

DISCUSSION

  A. *Government's motion to reconsider the limitations period is granted. Treacy's motion to dismiss Count Two in its entirety as time-barred is denied.*

The government does not specify the authority pursuant to which it moves for reconsideration. Local Rule 6.3 of the Southern and Eastern districts generally controls such motions. In order to succeed the government must present "matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." Morser v. AT&T Info. Sys., 715 F.Supp. 516, 517 (S.D.N.Y. 1989) (Sweet, J.). Local Rule 6.3 "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been

considered fully by the court." Ades v. Deloitte & Touche, 843 F.Supp. 888, 892 (S.D.N.Y. 1994) (Sweet, J.). "The decision to grant or deny a motion for reargument is within the sound discretion of the [court]." Schaffer v. Soros, No. 92 Civ. 1233 (LMM), 1994 WL 592891, at *1 (S.D.N.Y. Oct. 31, 1994) (McKenna, J.). Generally, the court will grant a motion for reconsideration in three circumstances: (1) an intervening change in the controlling law; (2) new evidence becomes available; or (3) where the court must correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration is not a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument. Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 391-92 (S.D.N.Y. 2000) (Sprizzo, J.).

The government argues that the court must correct clear error regarding the limitations period. It argues that the opinion miscalculates the limitations period by failing to consider tolling agreements entered into by the Parties, agreements that excluded 11 months from the tolling period. Therefore, the government contends, rather than using April 24, 2003, as the operative date for limitations purposes, the court should have used May 24, 2002. Treacy agrees with the government's position.

The motion to reconsider the limitations period is granted. Upon reconsideration, the court finds that it incorrectly calculated the statute of limitations in this case by failing to account for the agreements that tolled the statute of limitations for 11 months causing the statutory period to begin to run on May 24, 2002, not April 24, 2003. Accordingly, the court reconsiders its ruling that Count Two of the Indictment must be dismissed in its entirety because it is untimely.

Treacy moved to dismiss Count Two of the Indictment alleging violations of Section

10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, for failure to allege any facts in support of a securities fraud that occurred within the applicable period. "[T]o the extent that [the government's] claims are based directly on a backdated grant of options, the [limitations] period begins to run on the date the options were granted." In re Comverse Tech., Inc. Sec. Litig., 543 F.Supp.2d 134, 155 (E.D.N.Y. 2008) (citing In re Atmel Corp. Derivatives Litig., No. C 06-4592 JF (HRL), 2007 WL 2070299, at *7 (N.D.Cal. July 16, 2007)). The Indictment alleges that Treacy and others approved options grants in June 2002. Treacy argues that the allegation based on the June 2002 grant is untimely even in light of the May 24, 2002, cut-off. He contends that the Superseding Indictment, filed on July 10, 2008, did not relate back to the April 24, 2008, Underlying Indictment since the latter was not validly pending, and therefore the June 2002 falls beyond the limitations period.

  The court preserves its determination that the filing of the Underlying Indictment tolled the limitations period, and the Superseding Indictment related back to the date of the Underlying Indictment. It is generally the case that the filing of a valid indictment tolls the limitations period for the charges contained in that indictment, see United States v. Grady, 544 F.2d 598, 601 (2d Cir. 1976), and a superseding indictment will relate back to the date of the original indictment if the superseding indictment does not "broaden or substantially amend the original charges," United States v. Gengo, 808 F.2d 1, 3 (2d Cir. 1986). However, "[n]o single factor is determinative; rather, the 'touchstone' of our analysis is notice, i.e., whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue." United States v. Salmonese, 352 F.3d 608, 622-24 (2d Cir. 2003). The Underlying

5

Indictment served clear notice on Treacy that the government intended to prove that he committed securities fraud; he was informed "in no uncertain terms that he would have to account for essentially the same conduct with which he was ultimately charged" in the Superseding Indictment. United States v. O'Bryant, 998 F.2d 21, 24 (1st Cir. 1993).

Count Two of the Indictment has successfully alleged facts within the applicable limitations period in support of a securities fraud claim. The court's November 19, 2008, ruling dismissing Count Two is vacated, and Treacy's motion to dismiss Count Two as time-barred is denied.

  B. *Treacy's motion to compel the government to elect between Count One and Count Two because of multiplicity is denied.*

Treacy moved to compel the government to elect between counts One and Two of the Indictment because of multiplicity. The court found it unnecessary to reach the issue in the Opinion, but is required to do so now, having reinstated Count Two.

"An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." United States v. Chacko, 169 F.3d 140, 145 (2d Cir. 1999) (citing United States v. Holmes, 44 F.3d 1150, 1153-54 (2d Cir.1995)). This violates the Fifth Amendment's prohibition against subjecting a person to punishment for the same crime more than once. Id. Treacy, argues that the government does not allege any timely misstatement or omission that would allow it to proceed under a misrepresentation theory. Therefore, Treacy contends, the government proffers a pure "scheme" theory that does not differ materially from the conspiracy charge.

Treacy's motion is premature. "Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense,

so long as no more than one punishment is eventually imposed." United States v. Josephberg, 459 F.3d 350, 355 (2d Cir. 2006). The court will dismiss any multiplicitous counts if Treacy is convicted on multiplicitous counts. See id. ("If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts.") (citing Ball v. United States, 470 U.S. 856, 865 (1985)). "It is well established that '[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion,' and 'a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution . . . .'" Id. (quoting United States v. Batchelder, 442 U.S. 114, 124 (1979)) (brackets in the original). Treacy's motion to compel the government to elect between Count One and Count Two because of multiplicity is denied.

## CONCLUSION

For the foregoing reasons, the government's motion for reconsideration is granted. Upon reconsideration the Court holds that the government has successfully alleged facts within the applicable limitations period to support a securities fraud claim. The claim set forth in Count Two is reinstated.

Futhermore, for the foregoing reasons, Treacy's motion to compel the government to elect between counts One and Two because of multiplicity is denied.

**IT IS SO ORDERED**

DATED:   New York, New York
         January 8, 2009

_____
Robert L. Carter
United States District Judge